IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

CHARLES N. STAFFORD,

    Defendant.

MJ-10-0013 GGH

MEMORANDUM

        Defendant Stafford has moved to dismiss Counts 3 and 4 of the Information charging Stafford with driving with a suspended license (Cal. Vehicle Code § 14601.1(a)) and driving without a valid license (Cal. Vehicle Code § 12500(a)).  According to Stafford, when the alleged charges were committed, he was on a part of the Tracy Defense Depot military base not subject to federal "exclusive" jurisdiction as that term is known in the Assimilative Crimes Act, 18 U.S.C. section 13, and as the territorial jurisdiction of the United States is defined in 18 U.S.C. section 7.  Although the Motion to Dismiss is vague on the point, Stafford conceded at hearing that he was on Tracy Defense Depot, but at a place where the jurisdiction of the United States was "concurrent" with that of the State of California.  The United States in its Opposition to the Motion has also established the "concurrent" nature of the jurisdiction at the locale of the

1

offenses at issue here. Stafford believes that the Assimilative Crimes Act, incorporating state criminal offenses as an offense punishable under federal law, only allows such incorporation if the property of the United States in question is within the "exclusive" jurisdiction of the United States.

      Stafford is mistaken.  At hearing his motion to dismiss was denied.  This memorandum discusses the reasons.

      First, the words of the pertinent statutes completely refute Stafford's belief. Section 13 provides in pertinent part:

> (a) Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided *in section 7 of this title*, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

(Emphasis added)

Section 7 provides in pertinent part:

> The term "special maritime and territorial jurisdiction of the United States", as used in this title, includes:
> ..........
>
> **(3)** Any lands reserved or acquired for the use of the United States, and *under the exclusive or concurrent jurisdiction thereof*, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

(Emphasis added)

/////

/////

It could not be clearer, therefore, that land administered by the United States under "concurrent" jurisdiction is land within the ambit of the Assimilative Crimes Act.[1]

Case law and other authority is, of course, in consonance with the words of the statute. See United States v. Deng, 537 F. Supp. 2d 1116, 1119 (D. Haw. 2008) (Assimilative Crimes Act applies to traffic offenses on military bases having exclusive or concurrent jurisdiction); United States v. Atwell, 470 F. Supp. 2d 554, 560 (D. Md. 2007) (same); United States v. Geary, 30 M.J. 855 (NMCMR 1990); FEDPROC section 22.16; 70 Harv. L.Rev. 685 (1957).

Stafford cites United States v. Borja, 191 F.Supp. 563 (D. Guam 1961), for the proposition that the Assimilative Crimes Act only applies to federal property with exclusive federal jurisdiction. Having read that case, it is not entirely clear that the court was not using "exclusive" in some type of generic sense as opposed to its Assimilative Crimes Act term of art. However, to the extent the case was holding that the Assimilative Crimes Act only applies to federal property under the exclusive jurisdiction of the United States, the case is inconsistent with the federal statutes defining the applicable jurisdiction for the Assimilative Crimes Act, and the case will not be followed.

/////

/////

---

[1] There are three type of jurisdiction over federal property: exclusive, concurrent and proprietary. With exclusive jurisdiction, the state in which the federal property is located has ceded all of its jurisdiction to enforce its criminal law. With concurrent jurisdiction, the state and federal government exercise joint authority over the federal enclave with respect to enforcing criminal law. See generally North Dakota v. United States, 495 U.S. 423, 469-70 (1990), Brennan, J, concurring, citing Collins v. Yosemite Park and Curry Co, 304 U.S. 518 (1938). With proprietary jurisdiction, the state has ceded none of its criminal law enforcement authority, and the Assimilative Crimes Act is not implicated. However, a violation of federal law itself may be the subject of a federal criminal proceeding even in a place where the federal government exercises only proprietary jurisdiction, e.g., certain federal buildings.

Therefore, Stafford's Motion to Dismiss was properly denied.

IT IS SO ORDERED.

Dated: June 1, 2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
United States Magistrate Judge

Stafford0013.ord.wpd